**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

UNITED STATES OF AMERICA,

                v.                                       13-CR-100A
                                            **DECISION AND ORDER**

PAUL F. ARCHAMBAULT,

               Defendant.

_____

      This case is before the Court on the Defendant's second motion for a new trial pursuant to Federal Rule of Criminal Procedure 33.  _See_ Docket 105.  As discussed below, the Defendant seeks to introduce "new" evidence which, in his view, shows that the Government illegally searched a cell phone and memory card on which the Government found images of child pornography.  Evidence from those searches was later introduced at the Defendant's trial.  The Defendant's "new" evidence, however, does nothing to change Magistrate Judge Schroeder's conclusion (adopted by this Court) that the Government conducted a lawful consent search of both the cell phone and the memory card.  The Defendant's new Rule 33 motion is therefore denied.  This matter will now proceed to sentencing on June 24, 2016 at 1:30 p.m.

**BACKGROUND**

      The Court assumes familiarity with this case's factual and procedural background.  Following a jury trial in which he represented himself, the Defendant was found guilty of each of the indictment's four counts, which charged the Defendant with production, receipt, and possession of child pornography.  After trial, the Defendant filed a pro se Rule 33 motion seeking a new trial (Docket 83), which the Court denied.  _See_ Docket 96.  The Defendant then filed the Rule 33 motion now before the Court.  _See_

Docket 105.  As noted, the Defendant's new Rule 33 motion concerns a warrantless

search of a cell phone and memory card.  Those searches were the subject of a pretrial

suppression motion (Docket 12), the underlying facts of which provide context for the

Defendant's new Rule 33 motion.  The Court therefore briefly recounts those facts.

Following his arrest, the Defendant was heard on a recorded jailhouse call telling

his mother, Linda Archambault, to remove electronic devices from his car.  *See* Docket

14 at 5.  FBI Special Agent Liam Kelly then interviewed Ms. Archambault, who told

Special Agent Kelly that she had purchased the cell phone for the Defendant.  However,

Ms. Archambault also told Special Agent Kelly that, since the Defendant's arrest,

another of her sons (the Defendant's brother) had begun using the phone, which the

Defendant had left at Ms. Archambault's house before he was arrested.  *See* Docket

12-1 at 2 (FBI FD-302 summarizing interview with Ms. Archambault).  Ms. Archambault

told Special Agent Kelly that it would be "no problem" for him to search the phone.  *Id.*

Ms. Archambault then signed a consent-to-search form authorizing a search of, among

other things, the cell phone and the memory card.  *See* Docket 105 at 8.  The searches

uncovered images of child pornography.

Before trial (and at a time when he was still represented by counsel), the

Defendant moved to suppress evidence recovered from those searches.  The

Defendant argued that his mother's consent to the searches was invalid because she

had neither actual nor apparent authority to consent.  *See* Docket 12 ¶¶ 5-13.

Magistrate Judge Schroeder rejected this argument, concluding instead that:

> The record before this Court conclusively establishes that Linda
> Archambault had purchased the [cell phone] for the defendant and that
> she came into possession of the cellular phone after the defendant's
> arrest and exercised control over the phone insofar as she gave it to her

> minor son to use.   Such established facts were sufficient to cause the
> [FBI] agents to reasonably believe that Linda Arcchambault had apparent
> authority to consent to the search of the cell phone and the [memory card.]

Docket 17 at 8.   As a result, Magistrate Judge Schroeder found that, "[b]ased on Linda

Archambault's consent, the searches were lawful and the use of the information

obtained during the searches is permissible."   *Id.* at 9.   The Court then granted several

requests for an extension of time for the Defendant to file objections to Magistrate

Judge Schroeder's Report and Recommendation.   *See* Docket 19, 25, 29, Minute Entry

dated October 14, 2014.   The Defendant filed no objections.   *See* Docket 30.   The Court

then adopted the Report and Recommendation and denied the Defendant's motion to

suppress.   *See* Docket 31.

The Defendant's new Rule 33 motion concerns the searches at issue in his

suppression motion.   Specifically, the Defendant now attempts to relitigate the question

of whether his mother had apparent authority to consent to the searches of the cell

phone and memory card.   To support his motion, the Defendant identifies "new"

evidence showing, in his view, that his mother did not have such authority.

Turning first to the memory card, the Defendant has submitted a printed receipt

from what the Defendant claims is his Amazon.com purchase history.   Docket 105 at 7.

The receipt shows that on June 23, 2012 (several months before the search), a memory

card matching the description of the one at issue in this case was purchased with a

credit card issued to the Defendant's wife.[1]   The receipt also shows that the memory

card was shipped to the Defendant.   The Defendant argues that this receipt shows that

his mother could not consent to the search of the memory card.   Although he does not

---

[1]   The exhibit does not indicate who, in fact, placed the order.

directly say so, the Defendant's argument appears to be that his claimed ownership of the memory card precluded his mother from consenting to its search.

The Defendant makes a similar argument as to the cell phone. According to the Defendant, "new" evidence shows that he (and not his mother) owned the phone and that, consequently, his mother could not consent to the phone's search. But the Defendant does not provide any such evidence; rather, he merely states that "[d]ocumentation on this from Verizon is pending." Docket 105 at 2. The Defendant has not submitted any documentation or other evidence in the slightly more than two months that have passed since he filed his motion.

The Defendant then makes two additional arguments concerning the consent search of the cell phone. First, the Defendant argues that the Supreme Court's decision in *Riley v. California*, 134 S. Ct. 2473 (2014)—which the Supreme Court decided after Magistrate Judge Schroeder filed his Report and Recommendation, but before the Court adopted it—holds (according to the Defendant) that "the government needs to obtain a warrant to search a defendant's cell phone." Docket 105 at 2. Second, the Defendant argues, "[t]he fact is" that he had "exclusive use" of the cell phone, and a statement by his sister-in-law (found in an FBI Form 302 provided to the Defendant during discovery) "shows [that] the cell phone was in fact security locked." *Id. See also id.* at 11 (FBI 302); Docket 107 at 4 (Government's representation that it provided this FBI 302 and similar evidence "more than 2 years prior to trial).

## DISCUSSION

Rule 33 allows a district court, "[u]pon the defendant's motion," to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P.

33(a).  "[B]y its terms," the Rule provides district courts with "broad discretion to set aside a jury verdict and order a new trial to avert a perceived miscarriage of justice." *United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir. 2001) (citations and ellipsis omitted).   The fundamental question underlying a Rule 33 motion is therefore straightforward, if not always easy to answer: whether "an injustice has been done." *United States v. Sanchez*, 969 F.2d 1409, 1414 (2d Cir. 1992).  Thus, the district court must have "a real concern that an innocent person may have been convicted."  *Id.*  The resulting standard is exceedingly difficult to meet: a Rule 33 motion "should be granted only with great caution and in the most extraordinary circumstances."  *Id.*

Applying these principles to this case is slightly complicated, however, because the Defendant's new Rule 33 motion does not raise a typical Rule 33 argument.  The Defendant does not argue, for instance, that the evidence of his guilt was legally insufficient, nor does he claim that new evidence shows that he is in fact innocent of the crimes charged in the indictment.  Instead, the Defendant's new Rule 33 motion argues that "new" evidence shows that his pretrial suppression motion should have been granted and that, as a result, incriminating evidence obtained from those searches should not have been introduced at trial.  In other words, the Defendant seeks a new trial at which the jury could not consider allegedly illegally-obtained evidence.

The Defendant's motion is therefore an attempt to use Rule 33 to reopen his suppression motion.  Federal Rule of Criminal Procedure 12(b)(3) generally requires a criminal defendant to file a suppression motion *before* trial.  Thus, to evaluate whether the Defendant is entitled to relief under Rule 33, the Court must consider whether the Defendant's "motion for new trial based on Fourth Amendment grounds is subject to

procedural bar under [Rules] 12(b)(3) and 12[(c)(3)]." *United States v. Jaku*, No. 95 Cr.

1030 (TPG), 1998 WL 872481, at *3 (S.D.N.Y. Dec. 14, 1998) (considering a Rule 33

motion raising arguments similar to the Defendant's as a motion for relief from the

consequences of failing to make a timely suppression motion under Rule 12). *See also*

*United States v. Goode*, 110 F. Supp. 2d 580, 581 (E.D. Mich. 2000) (construing a Rule

33 motion as an attempt to "challenge . . . the jury selection process utilized at the time

of his indictment and trial," which the defendant "fail[ed] to [challenge by] pretrial motion

under Federal Rule of Criminal Procedure 12(b)(2)"). The question, then, is whether the

Court should excuse the Defendant's failure to introduce his "new" evidence at the time

he filed his suppression motion.

Rule 12(b)(3)(C) provides that a suppression motion "must be raised by pretrial

motion if the basis for the motion is then reasonably available." If a defendant seeks to

make an untimely suppression motion (or, the Court assumes for purposes of this

decision, is he seeks to reopen his suppression motion after it was decided), he must

"demonstrate good cause" for his failure to file a timely motion. Fed. R. Crim. P.

12(c)(3). A defendant shows the "good cause" necessary to overcome procedural

default under Rule 12(c)(3) "only by a showing of cause and prejudice." *United States*

*v. Crowley*, 236 F.3d 104, 110 n.8 (2d Cir. 2000) (emphasis omitted).[2]

---

[2] *Crowley* interprets the predecessor to current Rule 12(c)(3) (previously located at Rule 12(f) and, later, Rule 12(e)), which provided that "a party waives any Rule 12(b)(3) defense"—such as a suppression motion—"not raised by the [relevant] deadline," but that "for good cause, the court may grant relief from the waiver." Fed. R. Crim. P. 12(e) (2012 ed.). The 2014 amendments to the Federal Rules of Criminal Procedure relocated the "effect of failure to raise issues by a pretrial motion . . . from [Rule 12](e) to (c)(3)." 2014 Advisory Committee Note to Rule 12. In addition to relocating the rule from Rule 12(e) to Rule 12(c)(3), the 2014 amendments removed the word "waiver" from the Rule. *See id.* (explaining that the Rule was reorganized and rewritten to "avoid possible confusion" over prior Rule 12(e)'s use of the word "waiver"). However, "[w]hile Rule 12(c)(3) deleted the reference to 'waiver,' the amendment did not alter the applicable standard." *United States v. Daniels*, 803 F.3d 335, 352 (7th Cir. 2015) (citations omitted). *See also United States v. Roberts-Rahim*, No. 15-CR-243 (DLI), 2015 WL 6438674, at *3 n.1

The Court assumes for purposes of this decision that the Defendant has shown

sufficient cause for his failure to introduce his "new" evidence at the time he originally

filed his suppression motion.[3]  Even with that assumption, however, the Defendant has

not shown (nor could he) that he would be prejudiced if he were not permitted to reopen

his suppression motion.   Magistrate Judge Schroeder concluded that the Defendant's

mother had apparent authority to consent to searches of the cell phone and memory

card—not actual authority.   *See* Docket 17 at 8.   Thus, the question before Magistrate

Judge Schroeder, and the basis on which the Defendant's suppression motion was

decided, was whether "the facts available to the officer *at the moment* [of consent]

warrant a man of reasonable caution in the belief that the consenting party had authority

over the [items to be searched]."   *Illinois v. Rodriquez*, 497 U.S. 177, 188 (1990)

(quotation marks and ellipsis omitted, emphasis added).   The issue the Defendant now

seeks to contest with "new" evidence is therefore irrelevant to Magistrate Judge

Schroeder's decision; whether or not the Defendant in fact owned the cell phone and

the memory card does not affect whether Special Agent Kelly, based on the facts known

to him at the time, could have reasonably (but, perhaps, mistakenly) believed that the

Defendant's mother had authority to consent to the searches.   The Government, of

course, need only have shown that the Defendant's mother had apparent authority to

---

(E.D.N.Y. Oct. 22, 2015) (noting that pre-2014 caselaw interpreting former Rule 12(e) is now "embodied" in Rule 12(c)(3)).  The Court therefore relies on pre-2014 caselaw interpreting former Rules 12(e) and 12(f) to interpret current Rule 12(c)(3).

[3]   Because the Court assumes the Defendant has shown the "cause" necessary to overcome default under Rule 12(c)(3), the Court does not have reason to address the related (but separate) question of whether the Defendant's "new" evidence is, in fact, "new" for purposes of Rule 33.  It appears likely, however, that the evidence on which the Defendant's Rule 33 motion is based is merely "newly available" evidence—not "newly discovered" evidence—and, therefore, is insufficient to entitle the Defendant to a new trial under Rule 33.  *See United States v. Owen*, 500 F.3d 83, 90 (2d Cir. 2007) (holding that "previously known, but newly available, evidence is not newly discovered within the meaning of Rule 33").

consent.   *See Moore v. Andreno*, 505 F.3d 203, 209 (2d Cir. 2007) ("[E]ven if a third

party lacks actual authority to consent to a search of a particular area, he still may have

apparent authority to consent to the search.")   In other words, if the Defendant had

brought forward his "new" evidence at the time of his original suppression motion, the

outcome of the motion would have been the same: the Court would have concluded that

the Defendant's mother had apparent authority to consent to the searches and that the

searches were therefore lawful.

Thus, the Defendant is not prejudiced by not allowing him to reopen his

suppression motion.[4]   As a result, the Defendant has not "show[n] good cause" to

excuse his untimely attempt to do so.   Fed. R. Crim. P. 12(b)(3).   His new Rule 33

motion is consequently denied.

## CONCLUSION

For the reasons stated above, the Defendant's new Rule 33 motion (Docket 105)

is denied.

This case is now ready for sentencing.   The Defendant has requested, and the

Court has granted, several adjournments of the Defendant's sentencing date.   *See*

Docket 89, 104, 109.   Following his most recent request, the Court adjourned

sentencing to June 24, 2016 at 1:30 p.m.   Sentencing remains at that date and time.

---

[4]   In support of his motion, the Defendant repeatedly cites the Supreme Court's decision in *Riley v. California*, 134 S. Ct. 2473 (2014), which held that the "search incident to arrest" exception to the warrant requirement does not apply to searches of cell phone data and that, instead, "officers must generally secure a warrant before conducting such a search." *Id.* at 2485. Nothing in *Riley* suggests, however, that the Court intended to prohibit the government from relying on consent (either by a phone's owner or a third-party) to search a cell phone.  Thus, *Riley* is irrelevant to the suppression issue before Magistrate Judge Schroeder and, consequently, irrelevant to the issues raised in the Defendant's new Rule 33 motion.  *Cf. United States v. Yudong Zhu*, 41 F. Supp. 3d 341, 343 (S.D.N.Y. 2014) (declining to reconsider a decision on a suppression motion in light of *Riley* because "[t]he Court's holding in *Riley* d[id] not govern" the question presented by the defendant's suppression motion, that is, whether the search was justified by consent).

The Court will disfavor any additional motions by the Defendant to adjourn sentencing. In considering any such motion, the Court will be cognizant of the fact that the Defendant has had a copy of his Presentence Investigation Report and a template sentencing memorandum since at least early February.  *See* Docket 103.

Thus, the Court's most recent schedule for filing sentencing submissions (Docket 109) remains in effect: statements with respect to sentencing factors, objections and/or motions are due by June 3, 2016; responses to objections and/or motions are due by June 10, 2016; character letters and/or sentencing memorandum in support of the defendant are due by June 10, 2016; motions to adjourn sentencing are due by June 14, 2016; the final Presentence Investigation Report is due by June 17, 2016; and the Government's response papers to any legal arguments in the Defendant's sentencing memorandum are due by June 17, 2016.

**SO ORDERED.**

Dated: May 9, 2016                              s/*Richard J. Arcara*
     Buffalo, New York                  HONORABLE RICHARD J. ARCARA
                              UNITED STATES DISTRICT JUDGE