**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

UNITED STATES OF AMERICA,

                 v.                         13-CR-100A
                                       **DECISION AND ORDER**

PAUL F. ARCHAMBAULT,

                Defendant.
_____

      This case is before the Court on the Defendant's third motion for a new trial
pursuant to Federal Rule of Criminal Procedure 33.  _See_ Docket 112.  For the reasons
stated below, the motion is denied.

## BACKGROUND

      The Court assumes familiarity with this case's factual and procedural
background.  Following a jury trial in which he represented himself, the Defendant was
found guilty of each of the indictment's four counts, which charged the Defendant with
production, receipt, and possession of child pornography.  The Defendant has now filed
his third Rule 33 motion requesting a new trial.  In his motion, the Defendant claims that
he "has realized that no proof—no evidence—was ever entered by the Government
regarding the victim[']s age.  No birth certificate.  Considering all of these charges
directly rely on the age of the victim, the omission of this proof is a huge problem to the
point where the guilty verdicts were legally insufficient by the lack of this evidence."
Docket 112 at 1.

## DISCUSSION

      As the Court has already noted twice in this case, Rule 33 allows a district court,
"[u]pon the defendant's motion," to "vacate any judgment and grant a new trial if the

interest of justice so requires." Fed. R. Crim. P. 33(a). "[B]y its terms," the Rule provides district courts with "broad discretion to set aside a jury verdict and order a new trial to avert a perceived miscarriage of justice." *United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir. 2001) (citations and ellipsis omitted). The fundamental question underlying a Rule 33 motion is therefore straightforward, if not always easy to answer: whether "an injustice has been done." *United States v. Sanchez*, 969 F.2d 1409, 1414 (2d Cir. 1992).

When faced with a Rule 33 motion based on the sufficiency of the evidence, as this one is, a court "is entitled to weigh the evidence and in doing so evaluate for itself the credibility of the witnesses." *Id.* at 1413. But, given the high bar Rule 33 sets for a new trial, "[i]t has long been [the] rule" in the Second Circuit that district courts ordinarily "must defer to the jury's resolution of the weight of the evidence and the credibility of the witnesses." *Id.* at 1414. Thus, Rule 33 allows a court to set aside a jury verdict for insufficient evidence only "where exceptional circumstances" are present, such as testimony that is "patently incredible or defies physical realities." *Id.* Put differently, the court must have "a real concern that an innocent person may have been convicted." *Id.* The resulting standard is exceedingly difficult to meet: a Rule 33 motion based on insufficient evidence "should be granted only with great caution and in the most extraordinary circumstances." *Id.*

The Defendant's sole argument for a new trial is that the Government did not offer sufficient proof that the victim was a minor. The Defendant's argument, however, is largely undermined by his admission that the Government *did* offer evidence of the victim's age. Specifically, the Defendant admits that the "only time the victim[']s age

was brought up was when she took the stand and it was *in the form of testimony*." Docket 112 at 1 (emphasis added).  The Defendant attempts to minimize this testimony, however, by arguing that it "was found lacking during cross."  *Id.*  Moreover, the Defendant argues, an "online profile . . . possessed conflicting information, not to mention all the evidence that the court would not allow that also had a different age.  In fact, more evidence pointed to her being 18."  *Id.*  In short, the Defendant admits that the Government offered competent evidence of the victim's age.  His argument is simply that the jury should have disbelieved this evidence in light of his cross-examination, as well as purported inconsistencies in the Government's other evidence.

The Defendant has not met the Rule 33 standard for a new trial.  Although a court has more discretion to evaluate witness credibility under Rule 33 than it does under Rule 29, the Court "generally must defer to the jury's resolution of conflicting evidence and assessment of witness credibility," so as not to "wholly usurp[] the role of the jury."  *Ferguson*, 246 F.3d at 133 (internal quotations omitted).  As noted, a court may therefore "intrude upon the jury function of credibility assessment" only where "exceptional circumstances" are present, such as testimony that is "patently incredible or defies physical realities."  *Id.* at 133-34 (quotation marks omitted).

There is no basis to conclude that the victim's testimony concerning her age was "patently incredible" or otherwise exceptional.  Nothing in the victim's testimony (or, for that matter, in the record as a whole) shows that it would be "extraordinary" for the jury to have believed the victim regarding her age.  Rather, as the Court noted in its decision denying the Defendant's first Rule 33 motion, the victim "credibly testified that she met the defendant through an online social networking website," that the Defendant "knew

she was a minor," and that "they began to engage in a sexual relationship."  Docket 96 at 7.  Consequently, the Court "must defer to the jury's resolution" of the victim's credibility, as well as the jury's resolution of other conflicting evidence concerning the victim's age.  *See Ferguson*, 246 F.3d at 133.

For similar reasons, it is irrelevant that, as the Defendant argues, the Government did not introduce the victim's birth certificate to prove that she was a minor at the time of the events alleged in the indictment.  The Defendant points to no authority, nor has the Court found any, suggesting that the Government must introduce a birth certificate to prove a minor victim's age.  But even if there were such a requirement,[1] the Defendant would not be entitled to a new trial under Rule 33 unless the Court "is prepared to answer 'no' to the following question: '[Is the Court] satisfied that competent, satisfactory and sufficient evidence in this record supports the jury's finding that the defendant is guilty beyond a reasonable doubt?'"  *Sanchez*, 969 F.2d at 1414.  As the Court noted in its decision denying the Defendant's first Rule 33 motion, "after having an opportunity to observe all testimony and evidence admitted against the defendant," the Court "harbors no reservations as to the jury's findings of guilt with respect to all four counts in the Indictment."  Docket 96 at 8.  Put differently, even if the victim's birth certificate might have been better evidence of the victim's age, in light of all the other evidence concerning the victim's age, the Government's failure to introduce her birth certificate does not give the Court "a real concern that an innocent person may have been convicted."  *Sanchez*, 969 F.2d at 1414.

---

[1]   The Court does not hold, nor should this decision be read to suggest, that the Government was required to introduce the victim's birth certificate to prove her age.

**CONCLUSION**

For the reasons stated above, the Defendant's third Rule 33 motion is denied.

Sentencing has now been delayed for over six months.  The victim in this case has a "right to proceedings free from unreasonable delay."  18 U.S.C. § 3771(a)(7).  So too do the public and the Government.  In granting the Defendant's multiple requests for sentencing adjournments, the Court has attempted to balance these rights against the fact that the Defendant is proceeding pro se.  *See* Text Order dated June 15, 2016 ("Given the Defendant's pro se status, the Court has granted multiple requests to adjourn sentencing.")  But, as the Court has previously noted, the Defendant's pro se status "does not entitle him to indefinitely delay resolution of this case."  *Id.*  Rather— and, once again, as the Court has previously warned the Defendant—his decision to proceed pro se, against the advice of counsel and the Court, means that he is "acting as his own representative and [is] completely in charge of, and responsible for, his own defense."  Docket 96 at 4.  That decision carries certain risks and consequences, particularly when, as in this case, a criminal defendant is detained pending sentencing. This is among the many reasons why the Court advises criminal defendants against proceeding pro se.

The Defendant's most recent request for a sentencing adjournment was based on his claim that he has been in "'Double-Lock' punishment at Niagara County Jail for the past few days, resulting from a search of his cell unearthing extra pillow cases." Docket 111 at 1.  In response, the Government states that it has "learned that the defendant was offered the opportunity to be moved out of segregation at the Niagara County Jail, but that he opted to stay in segregation."  Docket 116 at 4.  As a result,

there does not appear to be a basis for delaying sentencing any further.  Notably, the Defendant has acknowledged that he has had a copy of his Presentence Investigation Report (PSR) and a template sentencing memorandum since at least early February 2016.  *See* Docket 103.  Further, to ensure that this matter is not delayed any further, in its previous Order adjourning sentencing, the Court directed the Probation Office to provide the Defendant with the most recent copy of his PSR.  Thus, as the Court warned the Defendant in its order granting the Defendant's latest request for a sentencing adjournment, the Court will grant no further sentencing adjournments unless the Defendant demonstrates that an adjournment is necessary due to extraordinary circumstances beyond his control.

Thus, the schedule previously set for sentencing submissions remains in effect. Statements with respect to sentencing factors, objections and/or motions are all due by July 21, 2016; responses to objections and/or motions are due by July 28, 2016; character letters and/or sentencing memoranda in support of the Defendant are due by July 28, 2016; motions to adjourn sentencing are due by August 1, 2016; the final Presentence Investigation Report is due by August 4, 2016; and the Government's response papers to legal arguments in the Defendant's sentencing memorandum are due by August 4, 2016.  Sentencing is on August 11, 2016 at 1:00 p.m.


**SO ORDERED.**


Dated: July 8, 2016                      ___s/Richard J. Arcara_____
       Buffalo, New York                 HONORABLE RICHARD J. ARCARA
                                         UNITED STATES DISTRICT JUDGE